## DART v. KUDLICH.

*(Supreme Court, General Term, First Department. January 16, 1891.)*

1. NEW TRIAL—NEWLY-DISCOVERED EVIDENCE.
    In an action for malicious prosecution of plaintiff, on a charge of making, with intent to defraud, a false entry in books of a corporation of which he was an officer, he recovered a verdict on his own testimony that such entry covered money paid to one V., for the benefit of the company. Defendant moved for a new trial, on the ground of newly-discovered evidence, consisting of testimony of V. contradicting plaintiff, not denied by the latter on the motion. *Held*, that an order granting a new trial should be affirmed.

2. SAME—LACHES.
    A motion for a new trial on the ground of newly-discovered evidence should not be denied for laches, where it was made within a reasonable time after the making of the case required on such motion.

Appeal from special term, New York county.

Action by Edward Dart against Herman C. Kudlich, for malicious prosecution of plaintiff for making a false entry in the books of the Exchange Bath Company, of which he was president and treasurer, with intent to defraud, and appropriating to his own use the sum of money so entered. Plaintiff testified that the entry was made to cover commissions paid, on behalf of the company, to one Vogt, and was made at Vogt's request, and that the agreement to pay such commissions was stated by plaintiff at a meeting at which both Vogt and defendant, with others, were present. After verdict for plaintiff, a motion for a new trial, on the ground of newly-discovered evidence, was made by defendant, on his own affidavit and the deposition of Vogt, containing the new evidence relied on, which directly contradicted the testimony of plaintiff as to the circumstances above stated. Plaintiff appeals from an order granting a new trial.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Stimson & Williams*, (*E. P. Johnson*, of counsel,) for appellant. *Lewis Sanders*, for respondent.

VAN BRUNT, P. J. This appeal comes before us under different circumstances from those which would surround it had not the motion for a new trial been heard and granted by the learned judge who presided at the trial at circuit. He necessarily was familiar with all the proceedings of the trial before the jury, and could best judge as to what the probable effect of the testimony of Vogt would be in case it was produced before the jury, and he having come to the conclusion that the testimony bore directly upon the issue presented to the jury, and might change the result theretofore reached by them, should have great weight with the appellate court. He was familiar with the whole atmosphere of the case, and was better able to form a judgment upon the question than this court can, having simply the bare record before it. Unless, therefore, there has been pointed out some error committed by the learned judge, which appears with reasonable certainty, the order should be affirmed. We have examined the case for the purpose of seeing whether or not the learned judge might have been mistaken in assuming that this evidence bore directly upon the issue. We think that he was entirely correct, and that it was important evidence for the defendant, which, in view of the fact of the failure to deny the same upon the part of the plaintiff, would undoubtedly have great weight with the jury.

The objection raised in respect to laches does not seem to be well taken in view of the fact that the motion was made within reasonable time after the proposed case had been made. Under all the circumstances of the case, we think, therefore, that the order should be affirmed, with $10 costs and disbursements. The time to comply with the order appealed from is extended until 10 days after notice of the entry of the order of affirmance. All concur.